AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ESTATE OF DAVID COOK,** **BY DONALD COOK, ADMINISTRATOR** 2645 S. 73rd Street Philadelphia, PA 19153 | : : : : : : : | No. **2:20-cv-2367** |
| v. | : : | **JURY OF TWELVE (12) JURORS DEMANDED** |
| **FELICIAN SERVICES, INC.d/b/a** St. **IGNATIUS NURSING AND REHAB CENTER** 3800 W. Peterson Avenue Chicago IL 60659 | : | |
| and | : : | |
| **JOHN DOES, 2-10** | : | |

## COMPLAINT IN CIVIL ACTION

1. Plaintiff, THE ESTATE OF DAVID COOK is an estate who resides at the above captioned address.

2. It is alleged and averred that the Philadelphia County Register of Wills has issued letters testamentary to Donald Cook to administer the Estate of David Cook.

3. Defendant, **FELICIAN SERVICES, INC.d/b/a** St. **IGNATIUS NURSING AND REHAB CENTER** (hereinafter referred to as "St. Ignatius"), is a health care facility and/or nursing home and/or corporation duly organized under the laws of the State of Illinois and whom was licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an address for service at the above-captioned address. Defendants John Does, 2-10 is a

moniker/fictitious name for individuals and/or entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

4. This court has subject matter jurisdiction pursuant to 28 U.S. Code § 1332 (diversity jurisdiction); the amount in controversy exceeds $75,000.00. Venue is also properly laid in this District as the events giving rise to Plaintiff's claims occurred within this District.

5. A professional liability action is being made by Plaintiff against Defendant.

6. At all times material hereto, Defendant acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendant, in furtherance of Defendant' businesses and on behalf of Defendant. Plaintiff further asserts that said agents were actual and ostensible.

7. At all times material hereto, Defendant acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendant, in furtherance of Defendant's businesses and on behalf of Defendant. Plaintiff further asserts that said agents were actual and ostensible. At this time, Plaintiff does not know the actual first and last names of many of the staff members who were responsible for caring for Mr. Cook.

8. However, so as to identify with sufficient specificity for defendant to formulate an Answer, they would be all certified nursing assistants, nurses, physical therapists and occupational therapists, and the like who were to make sure that decedent didn't suffer a fall while in their care.

9. Defendant owed DAVID COOK a duty to possess and exercise that degree of professional skill, care, and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within their field of specialization.

10. At all times material hereto, Defendant remained vicariously liable for the acts and/or omissions of any and all professionals associated with DAVID COOK's care.

11. In the alternative, Defendant were responsible for supervising all actions of nurses, and/or health care assistants who were in their employ and for that reason, any group that he was affiliated with, remains vicariously liable for the acts and/or omissions of any and all professionals associated with DAVID COOK's care.

12. Defendant owed DAVID COOK, a duty to train, employ and retain on their staff, physicians and/or nurses who possess and exercise that degree of professional skill, care and knowledge ordinarily possessed and exercised by and/or required of practitioners within the health care profession and/or within their field of specialization.

13. On and before May 20, 2018, DAVID COOK was a resident-patient at Defendant' facility. He had several strokes and falls in the past. Hence, defendant *knew* that Plaintiff's decedent was a "fall risk".

14. It is alleged and averred that Plaintiff's decedent, DAVID COOK, suffered from advanced mental incapacity and was a fall risk.

15. On or about May 20, 2018, while a patient at defendant's nursing home facility decedent, DAVID COOK, while unsupervised, did fall causing him serious bodily injury including a fractured leg in three places that required surgery including the insertion of a permanent nail in his tibia. Unfortunately, that surgery "failed" which required a second surgery

to repair the nail and/or correct the initial "failed" surgery. Hence, Mr. Cook had to endure two surgeries resulting from the fall.

16. On or about May 29, 2018, DAVID COOK was transported back to Penn Medicine because the first surgery had "failed".

17. Defendant was responsible for the proper hiring, training and supervision of all employees/agents/workmen providing medical and health care and to keep their patients from harm.

18. The care that Defendant and/or their servants and/or employees exercised and exhibited in regard to decedent, DAVID COOK fell outside acceptable, professional, and healthcare safety standards and practices.

19. On or about May 20, 2018 due to the careless, and negligent actions of the Defendant, DAVID COOK did suffer serious injuries as a result of negligence by the Defendant, causing DAVID COOK the injuries that form the basis for this action.

20. Defendant undertook and/or assumed a duty to DAVID COOK to render reasonable, proper, adequate, prompt care and to avoid harm to him, which Defendant breached.

21. The aforesaid harm was due solely to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of DAVID COOK.

22. The aforesaid accidents were due solely to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of DAVID COOK.

23. The aforesaid accident was due solely to the negligence and carelessness of the Defendant, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of DAVID COOK.

## COUNT I
## PLAINTIFF THE ESTATE OF DAVID COOK, v. DEFENDANT
## PROFESSIONAL NEGLIGENCE

24. Plaintiff, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

25. The injuries and resulting damages to DAVID COOK, were caused by the direct and proximate result of the negligence and liability producing conduct of the Defendant, its agents, ostensible agents, servants, and/or employees. These deviations included the following:

   (a)   failing to have adequate staffing levels at the facility;

   (b)   failing to properly train and/or supervise employees in proper care and/or handling of patients;

   (c)   failing to hire and train competent employees to properly care for patients;

   (d)   failing to have the proper policies and procedures in place to prevent a staff shortage to ensure patients receive proper care;

   (e)   allowing their servants and/or employees care to fall outside acceptable professional and health care safety standards and practices;

   (f)   failing to properly supervise patients suffering from infections;

   (g)   allowing staff to continually improperly supervise medically frail and/or patients with diminished intellectual capacity patients;

(h) failing to provide medical supervision and attention to immobile patients;

(i) failing to follow and adhere to federal and state healthcare policies and procedures regarding patient safety and falls including relevant OBRA regulations pertaining to falls and supervision;

(j) failing to properly monitor DAVID COOK;

(k) failing to supervise DAVID COOK to ensure he was properly secure in his bed and/or wheelchair;

(l) failing to monitor the employees with respect to patient supervision and safety;

(m) failing to more timely take Mr. Cook to the hospital;

(n) allowing Mr. Cook to fall

(o) not having proper bed alarms, bed rails, floor mats and other precautions to prevent falls and injuries therefrom all of which violated not only its own policies but also federal regulations pertaining to same.

(p) failing to properly chart or document the fall and the reasons for the fall;

(q) failing to properly assist Mr. Cook with ambulation when he tried to alight from his wheelchair and/or bed.

26. The negligence of the Defendant, through their agents, servants and/or employees as stated above, increased the risk and was a factor in causing harm and injuries to DAVID COOK.

27. As a result of Defendant negligent conduct, decedent, DAVID COOK had suffered injuries which were serious and permanent in nature, including, but not limited to: two

fractures of the fibula and a fracture of the tibia resulting in two surgeries. This resulted in Mr. Cook living in pain for the remainder of his natural life.

28. As a further result of Defendant negligent conduct DAVID COOK had been required to receive and undergo unnecessary medical attention and care and to expend various sums of money and to incur various expenses, that he was forced to endure in connection with the additional procedures until his death.

29. As a further result of Defendant negligent conduct, DAVID COOK had suffered medically determinable physical and/or mental impairment, which prevented DAVID COOK from performing all or substantially all of the material acts and duties that constituted DAVID COOK's usual and customary activities prior to the accident.

30. As a direct and reasonable result of Defendant negligent conduct, DAVID COOK, had incurred other financial expenses, which did or had exceed amounts which plaintiff may otherwise be entitled to recover.

31. As a further result of Defendant negligent conduct, DAVID COOK had suffered severe physical pain, mental anguish and humiliation.

**WHEREFORE,** Plaintiff demands judgment against the Defendant, for compensatory damages including non-economic damages, medical bills and liens.

<u>**COUNT II**</u>
<u>**PLAINTIFF, v  DEFENDANT**</u>
<u>**SURVIVAL ACTION**</u>

32. Plaintiff incorporates by reference hereto, all of the allegations contained in the General Averments and Count I, as if they were set forth at length herein.

33. Plaintiff brings this survival action on behalf of the estate of the decedent pursuant to 42 Pa. Cons. Stat. §8302 and 20 Pa.C.S.A. 3373.

34. As a direct and proximate result of Defendant aforesaid acts of negligence, Defendant is liable to the decedent's estate for the following damages:

    (a) Plaintiff's decedent pain, suffering, and mental anguish between the time of his injuries and the time of his death;

    (b) Plaintiff's decedent total estimated future earnings from the time of his death until the end of his natural life expectancy, less the estimated cost of his personal maintenance;

    (c) Plaintiff's decedent's loss of retirement and social security income;

    (d) Plaintiff's decedent's other financial losses suffered as a result of his death;

    (e) Plaintiff's decedent's loss of enjoyment of life; and

    (f) such other damages as are permissible in a survival action.

**WHEREFORE,** Plaintiff, demands judgment against the Defendant, for damages, including non-economic damages, medical bills and liens.

HABERMAN LAW, P.C.

_____
Leonard P. Haberman, Esq.
Identification No.: 80446
1800 JFK Blvd. Suite 1500-A
Philadelphia, PA 19103
lenhaberman@me.com
215.454.6904
Attorney for Plaintiff, The Estate of David Cook